■ In the Matter of JOHNATHAN JOHNSON, Appellant, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, Respondent. [654 NYS2d 832] —Casey, J. Appeal from an order of the Supreme Court (Harris, J.), entered March 18, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for reconsideration.

Petitioner commenced this proceeding claiming that his jail time credit had been improperly calculated. By judgment entered February 15, 1996, Supreme Court dismissed the petition. Petitioner then moved for reconsideration. The court denied the motion. The appeal filed by petitioner purports to be from the denial of the motion as well as from "every intermediate order made therein". To the extent that petitioner appears to be attempting to appeal from the judgment dismissing the petition, we find that appeal to be untimely. The judgment was served upon petitioner with notice of entry on February 20, 1996. Petitioner had 30 days from being served to file the notice of appeal (see, CPLR 5513 [a]) plus an extra five days because service was by mail (CPLR 2103 [b] [2]; [c]). Petitioner's notice of appeal, however, was not mailed until April 23, 1996 and was not filed until April 26, 1996. The time within which to bring an appeal is a jurisdictional requirement which must be strictly adhered to (see, Suarez v State of New York, 193 AD2d 1037). Therefore, even accepting that petitioner was attempting to appeal from the February 15, 1996 judgment, such an appeal would have to be dismissed as untimely.

Turning to the denial of petitioner's motion for reconsideration, as to that portion seeking renewal it is well settled that such a motion must be based on newly discovered evidence that was not previously available (see, Wagman v Village of Catskill, 213 AD2d 775). Here, we agree with Supreme Court that petitioner failed to tender new or additional proof that was not considered by the court when it issued its first judgment. To the extent that petitioner's motion can be characterized as one to reargue, it is axiomatic that the denial of such a motion is not appealable (see, Spa Realty Assocs. v Springs Assocs., 213 AD2d 781).

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.