■ BRUCE BARON, Respondent, v CHARLES AZZUE, INC., et al., Appellants. (Action No. 1.) HUNTER BUILDING CORP., Appellant, v BRUCE BARON et al., Respondents. (Action No. 2.) [658 NYS2d 135] —In related actions, *inter alia,* to recover damages for breach of contract and fraud, (1) the defendants in Action No. 1, Charles Azzue, Inc. and Charles Azzue, appeal (a), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated May 23, 1996, as, upon reargument, granted that branch of the motion of the plaintiff in Action No. 1, Bruce Baron, which was for partial summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint in that action, and (b) from a judgment of the same court, dated November 7, 1996, entered upon the order which is in favor of the plaintiff in Action No. 1 and against them in the principal sum of $218,000, and (2) the plaintiff in Action No. 2, Hunter Building Corp., separately appeals (a), as limited by its brief, from so much of the order dated May 23, 1996, as granted that branch of the motion of the defendants in Action No. 2, Bruce Baron and Julie Baron, which was for summary judgment dismissing the complaint in that action, and (b) from a separate judgment of the same court, also dated November 7, 1996, entered upon the order, dismissing the complaint in Action No. 2.

Ordered that the appeals from the order dated May 23, 1996, are dismissed; and it is further,

Ordered that the judgment dated November 7, 1996, in Ac-

tion No. 1 is reversed, on the law, the provision of the order dated May 23, 1996, granting that branch of the motion of the plaintiff in Action No. 1 which was for summary judgment is vacated and that branch of the motion is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the judgment dated November 7, 1996, in Action No. 2 is reversed, on the law, the provision of the order dated May 23, 1996 granting that branch of the motion of the defendants in Action No. 2 which was for summary judgment dismissing the complaint is vacated, that branch of the motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In 1993 Bruce Baron and Julie Baron undertook the renovation of their luxury home at 2600 National Drive, Brooklyn, New York. Mr. Baron asserts that he entered into a contract with the defendants in Action No. 1, Charles Azzue, Inc., and Charles Azzue, for the renovations, and that he has since paid $210,000 to Mr. Azzue "in exchange for which he [Azzue] was required to provide permits, plans, work, labor, management, supervision, bonds and materials". Baron claims that he entered into this agreement in reliance on Azzue's statement that his company, Charles Azzue, Inc., was licensed by the Department of Consumer Affairs.

Mr. Azzue acknowledges that his company "has never been licensed for home improvement". However, he asserts that Mr. Baron knew that the company "did not have the proper license" and that, upon his recommendation, Mr. Baron instead chose Hunter Building Corp. to act as the general contractor. Mr. Azzue asserts that it was Mr. Baron who insisted on making payments by way of checks made out to Mr. Azzue personally. According to Mr. Azzue, these payments "were used to pay the general contractor".

Salvatore Immitti, the president of Hunter Building Corp., also asserts that his company was recommended to Mr. Baron by Charles Azzue, Inc. Mr. Immitti states that he met with Mr. Baron in August or September of 1993, and that his company later "filed for and pulled the necessary permits, posted the required bond, arranged and performed all construction work

at the site, hired subcontractors, and coordinated the various stages of construction". He claims that his company then performed work which "has a conservative fair market value of $305,000". The work came to an end in August 1994, when, according to Mr. Immitti, "the owners Bruce and Julie Baron refused to make final selections".

In Action No. 1, the plaintiff, Bruce Baron, seeks monetary damages against Charles Azzue and Charles Azzue, Inc. (hereinafter the Azzue defendants). The complaint includes allegations of breach of contract because of the failure of the Azzue defendants to make the renovations in a workmanlike manner, and that Charles Azzue misrepresented the status of his company. In Action No. 2, Hunter Building Corp. (hereinafter Hunter), as the plaintiff, is seeking monetary damages from Bruce and Julie Baron. A joint trial of these two actions was directed.

Judgment was entered in Action No. 1 in favor of the plaintiff, Bruce Baron, and against the Azzue defendants, in the principal sum of $210,000. The court essentially concluded that it had been demonstrated, as a matter of law, that the Azzue defendants had "used Hunter Building Corp. as a gofer". The Supreme Court held that there was a contract between Mr. Baron and the Azzue defendants, and that the Azzue defendants breached this contract "by being unlicensed". Consistent with this holding, the court also granted summary judgment in favor of Bruce and Julie Baron dismissing the complaint filed by Hunter in Action No. 2.

We find that the Supreme Court erred in granting summary judgment to Bruce Baron in Action No. 1 and to Bruce and Julie Baron in Action No. 2. The motion for summary judgment made in both actions was preceded by an earlier application for summary judgment in Action No. 1, which was denied by order dated October 13, 1994, and by a subsequent application for leave to renew and reargue, made in both actions, which was likewise denied by order dated February 23, 1995. Under the particular circumstances presented here, the strong policy against allowing successive motions for summary judgment was, by itself, sufficient to warrant denial of what was in effect the plaintiff's third application for summary judgment (see, e.g., Abramoff v Federal Ins. Co., 48 AD2d 676; see also, Laxrand Constr. Corp. v R.S.C.A. Realty Corp., 135 AD2d 685; Powell v Trans-Auto Sys., 32 AD2d 650). More fundamentally, our review of the record leads us to conclude that there are material issues of fact which preclude the granting of summary judgment to the plaintiff in Action No. 1, and to the

defendants in Action No. 2. We also find that issues of fact preclude an award of summary judgment to the defendants in Action No. 1.

The parties' remaining contentions are either academic in light of the foregoing determination, or meritless. The matter is remitted to the Supreme Court, Kings County, to address the various branches of the motions and cross motions which were rendered academic as the result of its determination granting summary judgment, and for further proceedings. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur. [As amended by unpublished order entered June 9, 1997.]