■ In the Matter of OLEAN CITY SCHOOL DISTRICT et al., Appellants, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [768 NYS2d 686]—

Kane, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered January 9, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Education Department denying petitioner's request for a variance from the requirements of 8 NYCRR 100.2 (a).

Petitioner Olean City School District (hereinafter the district) decided to consolidate administrators by having one principal supervise two elementary schools located within one mile of each other. This plan would provide a cost savings to the district. Several district residents challenged the plan before respondent Education Department (hereinafter the Department), arguing that 8 NYCRR 100.2 requires the district to employ a full-time principal in each school building. In a decision dated July 20, 2001, the Department dismissed the challenge as untimely, but noted that the district would need a variance from the regulation prior to implementing its plan. In September 2001, after the school year began, the district requested a variance for the 2001-2002 school year. In December 2001, the Department denied the application because it was untimely, lacked certain necessary signatures, and the purpose of taxpayer savings is not an appropriate basis for a variance. In April 2002, petitioners commenced this CPLR article 78 proceeding to annul the Department's determination. Supreme Court determined that the first cause of action, which alleged that the Department exceeded its authority granted by the Legislature in enacting the regulation, was time barred. With regard to the second cause of action, the court determined that the Department's denial of the variance application was not arbitrary or capricious. Petitioners appeal.

Supreme Court found that the district failed to timely challenge the validity of the regulation because it failed to bring a CPLR article 78 proceeding within four months of the Department's July 20, 2001 communication that 8 NYCRR 100.2 (a) applied to the district's plan. The Department's denial of the district's new variance application for the 2002-2003 school year did not toll or renew the statute of limitations, as that was a separate and distinct determination from the one being chal-

lenged here (*see Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 849 [1996]; *Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton*, 279 AD2d 756, 758-759 [2001], *appeal withdrawn* 96 NY2d 915 [2001]). As that argument was the only basis raised by the district for challenging Supreme Court's determination of timeliness, we need not further address that issue.

The Department's denial of the variance application was not arbitrary or capricious. Determinations of respondent Commissioner of Education may be overturned only if they are arbitrary and capricious, lack a rational basis, or were affected by an error of law (*see Matter of New York Performance Stds. Consortium v New York State Educ. Dept.*, 293 AD2d 113, 118 [2002], *lv denied* 98 NY2d 615 [2002]). Regulations permit the Commissioner to approve a variance that "will enable a school to implement a program designed to provide excellence in education" (8 NYCRR 100.2 [n]). The district's application merely set forth that consolidation would effect a cost savings for the district. The application lacked any detail as to how the plan would promote excellence in education. We cannot find arbitrariness or capriciousness in the determination that conserving taxpayer money, while a legitimate district goal, was not a proper basis for granting a variance, as it is unrelated to student learning and achievement and providing "excellence in education." Accordingly, Supreme Court properly dismissed the petition.

Cardona, P.J., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.