(February 17, 2005)

■ In the Matter of MELVIN JAMES, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [789 NYS2d 762]—

Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered May 20, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for reconsideration.

Petitioner, an inmate currently serving time in a state correctional facility, commenced this CPLR article 78 proceeding challenging the February 2003 denial of his request for parole release. He purportedly mailed copies of the unsigned order to show cause, petition and exhibits to the Attorney General's office on November 18, 2003, but they were not received until December 17, 2003. On December 22, 2003, Supreme Court signed the order to show cause and directed petitioner to serve it, along with "the petition, exhibits and any supporting affidavits, by ordinary first class mail" upon each named respondent and the Attorney General on or before January 16, 2004. Petitioner apparently mailed a copy of the order to show cause to the Attorney General on January 13, 2004, but did not include the petition or supporting documentation previously supplied. Although he did include copies of the petition and supporting documentation along with the signed order to show cause mailed to the Division of Parole, it was postmarked January 22, 2004.

Respondents moved to dismiss the proceeding for lack of personal jurisdiction based upon petitioner's failure to comply with the service requirements of the order to show cause. Supreme Court granted the motion and denied petitioner's subsequent motion for reconsideration. Petitioner appeals from the denial of the reconsideration motion.

We find no error in Supreme Court's denial of petitioner's motion for reconsideration inasmuch as the disbursement forms submitted as newly discovered evidence did not establish compliance with the service requirements of the order to show cause. To the extent that petitioner's motion may be characterized as a motion to reargue, no appeal lies from the denial thereof (*see Matter of Johnson v Coombe*, 236 AD2d 669 [1997]).

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.