■ In the Matter of DANIEL KARLIN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [795 NYS2d 120]—

Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered February 17, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner filed an inmate grievance after he was denied receipt of a package containing pliable plastic knives on the ground that the knives were not allowable pursuant to Directive 4911. The Inmate Grievance Review Committee recommended that petitioner's grievance be granted based upon the provisions of 7 NYCRR 724.4, which expressly included such utensils as allowable items. The Superintendent denied the grievance on the ground that plastic knives were not listed in Directive 4911, and his determination was upheld upon petitioner's appeal to the Central Office Review Committee. Petitioner then commenced this CPLR article 78 proceeding.

While this proceeding was pending in Supreme Court, respondent promulgated a temporary modification of 7 NYCRR 724.4, which expressly repealed the regulatory section upon which petitioner relied, and which specifically incorporated Directive 4911 as the sole document that lists items permitted through the package room. This temporary regulation, which has been repeatedly extended by respondent and which currently remains in effect, resolved the inconsistency between the regulation and the Directive. Pursuant to the temporary regulation, pliable plastic knives are not allowable items. In view of the temporary promulgation, Supreme Court granted respondent's motion to dismiss the proceeding as moot. Petitioner now appeals.*

We agree with Supreme Court that respondent's actions have rendered moot the controversy that is the subject of this judicial proceeding. Nor do we find that this issue—petitioner's claimed right to receive pliable plastic knives—falls within the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). The issue is not of substantial importance, and it is neither likely to recur nor is it a phenomenon that will typically evade review. Accordingly, we affirm Supreme Court's dismissal of the CPLR article 78 proceeding.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner also asserts that he is appealing Supreme Court's subsequent denial of his motion for renewal. However, inasmuch as the record discloses that the motion was actually a motion for reargument, no appeal lies from the denial of such motion (see Matter of James v New York State Bd. of Parole, 15 AD3d 774 [2005]).