*750 OPINION OF THE COURT
Lewis J. Lubell, J.
Plaintiff seeks a declaratory judgment that the defendants are exceeding their authority to blanketly ban foodstuffs from entering the Mid-Hudson Forensic Psychiatric Center (MHFPC) by way of mail. It is conceded by the parties that inmates at MHFPC may receive unlimited quantities of food in the day room from visitors, which food must be consumed in the day room and not stored in any personal locker space. Moreover, it is conceded that inmates may purchase and store unlimited quantities of food from the MHFPC commissary.
Plaintiff contends that a series of statutes, namely, 14 NYCRR 21.5, 527.5 (b) (7) and Mental Hygiene Law § 33.02 (a) (7), vests inmates at MHFPC with certain rights to receive mail and packages without restriction unless there is a particular reason why an individual patient must have a restriction, and the right to receive sufficient storage space for the storage of personal items such as food. Specifically, 14 NYCRR 21.5 states in pertinent part:
“There shall be no censorship of or restriction of incoming or outgoing letters or packages, except for those patients whose condition, in the opinion of the treatment team, warrants some selectivity. In such cases, the patient must be notified orally and in writing of any limitation of this right to communicate and correspond freely and privately, the reason for such decision, and of his or her right to appeal this decision to the director. A copy of any such notification must be maintained in the patient’s record. Only in such cases may incoming or outgoing packages and letters be opened or examined by a member of the treatment team, and then only in the presence of the patient. In no case may a staff member other than a member of the treatment team open such packages or letters. Except as provided above, incoming letters and packages should be delivered sealed and unopened to all patients, and all outgoing letters and packages shall be mailed in a like manner.”
14 NYCRR 527.5 (b) (7) states that “[e]ach person residing in a hospital or community-based residential program, unless otherwise indicated, has the right to: . . . (7) a reasonable amount of safe storage space for clothing and other personal *751 property.” Likewise, Mental Hygiene Law § 33.02 (a) states in pertinent part:
“(a) In order to ensure that residents of facilities or programs operated or licensed by the office of mental health and facilities or programs operated or certified by the office of mental retardation and developmental disabilities are treated consistent . . . with the laws and regulations assuring quality care, the commissioner of the office of mental health and the commissioner of the office of mental retardation and developmental disabilities shall promulgate regulations informing residents of their rights under law. Such regulations shall include, but not be limited to, informing residents that they have the right to: . . .
“2. a balanced and nutritious diet; . . .
“7. a reasonable amount of safe storage space for clothing and other personal property.”
It is further undisputed that the current executive director of MHFPC issued a blanket rule preventing inmates from receiving outside food packages by mail without regard to the dietary needs of any individual inmate. Plaintiff contends that the testimony submitted of the defendants’ own personnel demonstrates that the concerns raised by them as justification for imposing the prohibition of food by mail policy are unfounded.
Plaintiff moves for summary judgment claiming that there are no issues of fact left for determination. Defendants cross-move for summary judgment for the third time claiming there is no case authority supporting plaintiffs position and further contending that there are no issues of fact. Plaintiff filed a further motion to strike the affidavits submitted in support of defendants’ cross motion and in opposition to plaintiffs motion for summary judgment claiming that the affidavits directly contradict the deposition testimony of the same witnesses.
Defendants contend that the food by mail restriction imposed by MHFPC is a reasonable limitation placed upon the inmates in accordance with the law and based upon the nature of the inmates housed there. Defendants further contend that the food storage policy is an administrative function with which the defendants are vested full authority to impose. In response to plaintiffs allegations that defendants are not entitled to make multiple summary judgment motions, defendants contend that the prior two summary judgment motions were made before the *752 completion of discovery. Moreover, defendants contend that the affidavits submitted do not contradict their deposition testimony, but merely qualify the prior testimony.
It is well settled that successive motions for summary judgment should be denied where the motion is based upon grounds and factual assertions which could have been raised on the first motion. (See, Manning v Turtel, 135 AD2d 511, 511-512 [2d Dept 1987]; Taylor v Brooklyn Hosp., 187 AD2d 714, 715 [2d Dept 1992]; Baron v Charles Azzue, Inc., 240 AD2d 447, 449 [2d Dept 1997].) Unless a party is able to demonstrate that the evidence it is submitting is newly discovered, successive summary judgment motions are proscribed. (See, Davidson Metals Corp. v Marlo Dev. Co., 262 AD2d 599 [2d Dept 1999]; Staib v City of New York, 289 AD2d 560, 561 [2d Dept 2001]; Broer v Smith, 240 AD2d 528, 529 [2d Dept 1997].) In the instant case, the affidavits and testimony submitted by defendants could very well have been obtained previously since the deponents were under defendants’ exclusive control. Defendants first moved for summary judgment which motion was denied due to a procedural deficiency. Defendants were permitted to make a second motion for summary judgment, which motion was denied substantively. Now, defendants have the audacity to make a third motion for summary judgment, claiming that after discovery, they are permitted a third “bite at the apple.” Not so. Defendants received two “bites at the apple,” albeit poisonous ones. Merely because discovery was incomplete at the time defendants moved for summary judgment twice previously does not entitle them to move after the completion of discovery. At the time of the two prior motions, defendants claimed that no issues of fact existed and that summary judgment was warranted. They failed to meet their burden twice before. Defendants will not get another opportunity and therefore defendants’ motion for summary judgment is denied.
Turning to the substantive issue before the court, the court notes that there is no prior case authority on this issue and it appears to be a matter of first impression. The court, therefore, must be guided by the principles of statutory construction, as expressed in McKinney’s Consolidated Laws of NY, Book 1, Statutes § 240:
“The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefut *753 able inference must be drawn that what is omitted or not included was intended to be omitted or excluded.”
It is the primary consideration of the courts to construe statutes and in so doing, ascertain the intent of the Legislature. (See, Statutes § 92.) Based upon the research of the court confirmed by the parties, there does not appear to be any indication of the Legislature’s particular intent as it pertains to this case. Therefore, the court must be guided by the express terms of the statutes concerned.
14 NYCRR 21.5 creates a right for patients such as inmates at MHFPC to receive mail and packages free from censorship and opening. The regulation provides an exception which is that if a member of the treatment team determines that a particular patient or inmate must have selectivity in the receipt or mailing of packages or letters, the patient is to be informed both orally and in writing of the decision to limit the correspondence and be given a right to appeal. Furthermore, packages and letters may be opened on a case-by-case basis and then only in the presence of the intended recipient.
14 NYCRR 527.5 (b) (7) and Mental Hygiene Law § 33.02 (a) each give an inmate the right to receive adequate storage space for clothing and personal property. The uncontroverted testimony is that inmates at MHFPC may purchase unlimited food at the facility’s commissary and store same in their day room lockers. Such purchases may be made without regard to a particular inmate’s dietary limitations. It is also uncontroverted that said inmates may consume unlimited quantities of food in the day room when visited by family and friends, but that such food may not be stored in the lockers. Plaintiffs do not dispute that restriction, but instead object to the food by mail prohibition. Defendants claim that dietary restrictions warrant the prohibition by mail. Defendants also cite to sanitary reasons and safety concerns over weapons importation. However, none of the testimony sufficiently supports defendants’ position on this issue. The fact that inmates may purchase foods from the commissary which are not recommended for their specific condition refutes any argument that there are dietary considerations at issue. Adequate screening of packages by way of detectors for weaponry no doubt occur already. Moreover, the sanitary concerns are also defeated by the fact that food is already being stored, albeit the food which the commissary sells. 14 NYCRR 21.5 gives inmates the right to receive packages on an unre *754 stricted basis with limited exceptions on a case-by-case basis. The words of the statute are very clear: “There shall be no censorship of or restriction of incoming or outgoing letters or packages, except for those patients whose condition, in the opinion of the treatment team, warrants some selectivity.” (Emphasis added.) While MHFPC may censor incoming packages on a selective basis for the condition of a particular patient, it may not blanketly prohibit food packages from coming to the inmates. MHFPC may establish a policy by which it screens all packages for inmates, requiring them to be opened in the presence of the inmates, as specified by 14 NYCRR 21.5, assuming the individual inmate receives the proper notice required under the law. However, that limitation must be rationally based in accordance with the individual inmate’s condition. To deprive every inmate of food packages when each inmate’s condition is specific to him or her reeks of overreaching by the defendants. Certainly the defendants could not argue with the fact that inmates should be able to receive at least the same type of food offered for sale in the commissary. The fact that food is offered for sale by the facility and storage thereof is permitted coupled with the fact that inmates are permitted to consume unlimited quantities of and types of food in the day room brought by visitors demonstrates that the food by mail restrictions are not rationally based. Therefore, the plaintiffs motion for summary judgment is granted. Plaintiffs motion to strike defendants’ affidavits is denied as academic.