# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

756

CA 10-01280

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF LARRY BROWN AND SHANNON
MARTINEK, PETITIONERS-APPELLANTS,

V                                            MEMORANDUM AND ORDER

DONALD SAWYER, EXECUTIVE DIRECTOR, CENTRAL
NEW YORK PSYCHIATRIC CENTER, AND MICHAEL F.
HOGAN, COMMISSIONER OF THE NEW YORK STATE
OFFICE OF MENTAL HEALTH, RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(STEPHEN C. CLARK OF COUNSEL), FOR PETITIONERS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (David A. Murad, J.), entered May 17, 2010 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners, who are civilly confined at the Central New York Psychiatric Center (CNYPC) pursuant to article 10 of the Mental Hygiene Law, commenced this CPLR article 78 proceeding seeking to annul the determination that denied their objections to a CNYPC policy banning them from receiving all outside food packages. Supreme Court properly denied the petition.

We note at the outset that, contrary to petitioners' contention, the doctrine of collateral estoppel does not apply to preclude respondents from defending their policy as a result of the decision in *Hirschfeld v Carpinello* (12 Misc 3d 749). First, we agree with respondents that there was no identity of issue necessary for the application of that doctrine because the type of facility at issue in *Hirschfeld* was different from the one in this proceeding (*see generally Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349). Second, the regulation relied upon by the court in *Hirschfeld* has since been repealed. The prior regulation, 14 NYCRR former 21.5, prohibited any restriction of incoming packages for patients, except for those patients with a condition that in the opinion of the treatment team warranted "some selectivity." Here, however, the

regulation in question permits restrictions where the packages are "reasonably suspected to contain contraband or . . . otherwise implicate significant security or safety concerns" (14 NYCRR 527.11 [c] [1]).

We reject petitioners' contentions that the CNYPC policy violates Mental Hygiene Law § 33.05 and 14 NYCRR 527.11. We further conclude that the determination that denied petitioners' objections to the policy banning their receipt of all outside food packages is not arbitrary and capricious (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*id.* at 231). Here, the affidavit of the director of the sex offender treatment program at CNYPC, which was submitted in opposition to petitioners' CPLR article 78 petition, establishes that the decision to ban all outside food packages has a sound basis in reason and is supported by legitimate concerns regarding the security of the institution and the welfare of the residents therein. Contrary to petitioners' contention, we may properly consider that affidavit despite the fact that it was not submitted during the administrative process "because there was no administrative hearing and the issue here is not one of substantial evidence but, rather, [the issue is] whether the [agency's] determination has a rational basis" (*Matter of Kirmayer v New York State Dept. of Civ. Serv.*, 24 AD3d 850, 852; *see Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1018 n 3, *lv denied* 12 NY3d 701; *Matter of Poster v Strough*, 299 AD2d 127, 142-143).

Entered: June 10, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court