◼ In the Matter of JOHNATHAN JOHNSON, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 509]—

Petitioner, a prison inmate, filed two grievances alleging that he was being served incorrect portions of food and that some of the food was stale. After petitioner's grievances were denied at the facility level, those denials were upheld by the Central Office Review Committee. Petitioner then commenced this CPLR article 78 proceeding to challenge those determinations. Thereafter, petitioner moved in Supreme Court to amend the proceeding to add an action for damages pursuant to 42 USC § 1983. The court denied the motion and dismissed the petition. Petitioner now appeals.

We affirm. Initially, we note that petitioner has abandoned his challenge to the Central Office Review Committee's denial of his grievances inasmuch as his brief is bereft of any argument regarding the rationality of those determinations (*see Matter of Quinones v Fischer*, 82 AD3d 1445, 1446 n [2011]; *Matter of Raqiyb v Fischer*, 82 AD3d 1432, 1433 n [2011]).

Turning to petitioner's challenge to Supreme Court's denial of his motion, leave to amend should be granted where the proponent has made an evidentiary showing sufficient to support the proposed claim and no prejudice would accrue (*see Nelson v State of New York*, 67 AD3d 1142, 1143 [2009]; *D'Orazio v Mainetti*, 39 AD3d 981, 982 [2007]). Whether to

permit such amendment is a decision within the discretion of the trial court, and the decision will not be set aside absent an abuse of that discretion (*see Len v State of New York*, 74 AD3d 1597, 1601 [2010], *lv dismissed and denied* 15 NY3d 912 [2010]; *Nelson v State of New York*, 67 AD3d at 1143). Here, petitioner's proposed amendment is premised upon his allegation that he is not being given an adequate amount of nutritious food, the same complaint that was the gravamen of his first grievance. Inasmuch as Supreme Court affirmed the denial of that grievance on the merits and petitioner has failed to challenge such affirmance, we discern no abuse of that court's discretion in denying petitioner's motion (*see Len v State of New York*, 74 AD3d at 1601).

Mercure, J.P., Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.