■ In the Matter of ANDREW PRATT, Appellant, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [59 NYS3d 859]—

Aarons, J. Appeal from a judgment of the Supreme Court (Ceresia, J.), entered April 7, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review (1) a determination of the Commissioner of Mental Health denying petitioner permission to purchase certain candles and (2) a determination of respondent Central New York Psychiatric Center denying petitioner access to a certain magazine.

Petitioner is civilly confined pursuant to the Sex Offender Management and Treatment Act (see Mental Hygiene Law art 10) at respondent Central New York Psychiatric Center (hereinafter CNYPC), a facility operated by respondent Office of Mental Health. In December 2014, petitioner requested permission to purchase battery-operated candles made of plastic and paraffin wax to practice his "Wiccan faith." Petitioner's request was denied on the ground that candles made with wax were not approved, and only battery-operated candles made entirely of plastic were permitted. Petitioner then filed a formal administrative objection (see 14 NYCRR 27.8 [a]), and the denial of this request was ultimately upheld by the Commissioner of Mental Health (see 14 NYCRR 27.8 [e]). In June 2015, CNYPC denied petitioner access to Nature Conservancy Magazine on the ground that it was not on CNYPC's approved publications list at that time. Petitioner filed a formal objection to this denial and, shortly thereafter, commenced this proceeding challenging the Commissioner's determination denying him permission to purchase wax-containing candles, as well as CNYPC's determination denying him access to the nature magazine. Petitioner argued that the denials were arbitrary and capricious and violated his First Amendment rights to the free exercise of religion and speech, respectively. Supreme Court dismissed the petition, and petitioner appeals.

With respect to petitioner's claim concerning the denial of access to the nature magazine, petitioner concedes, as he did in Supreme Court, that, after the filing of the petition, the magazine was moved to the list of approved publications. Accordingly, this issue is moot (see Matter of McKethan v Leclaire, 47 AD3d 1151, 1151 [2008]; Matter of Karlin v Goord, 18 AD3d 906, 907 [2005], lv denied 5 NY3d 717 [2005]). The exception to

the mootness doctrine does not apply inasmuch as "[t]he issue is not of substantial importance, and it is neither likely to recur nor is it a phenomenon that will typically evade review" (*Matter of Karlin v Goord*, 18 AD3d at 907; *see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).*

Turning to petitioner's claim that he was improperly denied permission to purchase wax candles, it is well settled that where an administrative determination is supported by a rational basis, it must be sustained even if a reviewing court would have reached a different result (*see Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Nunez v White*, 133 AD3d 1053, 1054 [2015]). In the context of civilly confined individuals, administrative decisions with respect to the approval of such persons' physical possessions will not be considered arbitrary or capricious when they have "a sound basis in reason and [are] supported by legitimate concerns regarding the security of the institution and the welfare of the residents therein" (*Matter of Brown v Sawyer*, 85 AD3d 1614, 1615-1616 [2011]; *cf. Matter of Frejomil v Fischer*, 59 AD3d 790, 791 [2009]; *Matter of Sultan v Goord*, 8 AD3d 842, 843 [2004]).

In support of the determination in question, respondents submitted the affidavit of Jeffrey Nowicki, the chief of mental health treatment services for CNYPC's sex offender treatment program (hereinafter SOTP), who averred that wax candles constitute "a serious safety concern," given the possibility that CNYPC-SOTP residents could melt the wax and use it as a weapon or to block door locking mechanisms. Indeed, wax candles have always been considered contraband for CNYPC-SOTP resident.

Contrary to petitioner's argument, the fact that some other items containing small quantities of paraffin wax, such as crayons and ChapSticks, have always been permitted at CNYPC does not render the subject determination arbitrary and capricious in view of the quantity and the "pliable" nature of candle wax. Accordingly, we cannot conclude that the determination is arbitrary and capricious (*see Matter of Brown v Sawyer*, 85 AD3d at 1615-1616; *compare Matter of James v Fischer*, 102 AD3d 1019, 1020 [2013]).

---

* Petitioner's assertion that the entire list of prohibited periodicals reveals "numerous" other free speech violations, which further "encroach[ ]" upon his rights and those of other CNYPC residents, is unpreserved for this Court's review and, in any event, there is no actual controversy with respect to any particular publication on this list to be determined as to any particular resident of CNYPC (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 713-714).

Finally, although petitioner argued in Supreme Court that the denial of his request for wax-containing candles violated his constitutional right to practice his religion, he does not raise this contention in his appellate brief. Therefore, we deem this argument abandoned on appeal (*see Cooper v Morin*, 49 NY2d 69, 74 [1979], *cert denied sub nom. Lombard v Cooper*, 446 US 984 [1980]; *People v Willey*, 118 AD3d 1190, 1190 n [2014]; *Matter of Johnson v Fischer*, 89 AD3d 1295, 1295 [2011]). Petitioner's remaining arguments have been examined and found to lack merit.

Peters, P.J., Rose, Mulvey and Pritzker, JJ., concur. Ordered that the judgment is affirmed, without costs.