Matter of Liu v State of New York (2019 NY Slip Op 01279)





Matter of Liu v State of New York


2019 NY Slip Op 01279


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526698

[*1]In the Matter of CHANG LIU et al., Respondents,
v
STATE OF NEW YORK et al., Appellants.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Letitia James, Attorney General, Albany (Patrick Woods of counsel), for appellants.
Stewart Lee Karlin Law Group, PC, New York City (Daniel E. Dugan of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (Ryba, J.), entered April 5, 2018 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, annul a determination of the Commissioner of Education denying petitioners' application to register a certificate program in massage therapy.
In 2013, petitioners submitted two applications to respondent State
Education Department (hereinafter SED) to register petitioner Flushing Institute of Massage Therapy as a noncredit certificate program in massage therapy. SED requested that petitioners withdraw their applications and submit a new application addressing certain deficiencies. In response, petitioners commenced a CPLR article 78 proceeding challenging SED's request. Ultimately, in 2016, the parties entered into a settlement agreement resolving the CPLR article 78 proceeding (hereinafter the 2016 settlement agreement) and, as part of the settlement, SED provided petitioners with a list of the major concerns that it had with respect to one of the 2013 applications. Thereafter, in December 2016, petitioners submitted a new application to SED (hereinafter the 2016 application) and, in April 2017, SED denied it and provided petitioners with a list of the major deficiencies it identified (hereinafter the 2017 denial). Petitioners appealed the 2017 denial to the Commissioner of Education. In their appeal, petitioners attached a new application (hereinafter the 2017 application) and alleged that they addressed each of the deficiencies listed in the 2017 denial, and requested that the 2017 application be granted. In July [*2]2017, considering the 2017 application only, the Commissioner identified new deficiencies, found that the massage therapy program failed to comply with the program registration standards and upheld the 2017 application.
Petitioners thereafter commenced this CPLR article 78 proceeding alleging, among other things, that the Commissioner's determination should be annulled because it was arbitrary and capricious, and seeking, among other things, an order requiring SED to issue a license to petitioners to operate the massage therapy program. Supreme Court found that the Commissioner's determination was arbitrary and capricious because it was based on newly identified deficiencies not set forth in the 2017 denial and granted the petition to the extent that it annulled the Commissioner's determination and remitted the matter to SED for a determination as to whether petitioners have satisfied the deficiencies set forth in the 2017 denial. Respondents now appeal.
This Court's review of this type of administrative determination "is limited to ascertaining whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Mid Is. Therapy Assoc., LLC v New York State Educ. Dept., 129 AD3d 1173, 1175 [2015] [internal quotation marks, brackets and citation omitted]; see Matter of Olean City School Dist. v New York State Educ. Dept., 2 AD3d 1111, 1113 [2003]). "Deference to the judgment of the agency, when supported by the record, is particularly appropriate when the matter under review involves a factual evaluation in the area of the agency's expertise" (Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 194 [1981] [citation omitted], cert denied 454 US 1125 [1981]; see Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d 11, 19 [2018], lv denied 32 NY3d 904 [2018]). It is of particular relevance that an administrative agency has "the inherent authority to reconsider a prior determination upon a change in circumstances or new information, or where the original determination is not final" (Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d at 17 [internal citations omitted]; see Matter of Global Cos. LLC v New York State Dept. of Envtl. Conservation, 155 AD3d 93, 99 [2017], lv denied 30 NY3d 913 [2018]; Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 277 [1972]).
As relevant here, SED has authority to "[r]egister or approve
educational programs designed for the purpose of providing professional preparation [and] [i]ssue licenses, registrations, and limited permits to qualified applicants" (Education Law § 6507 [4] [a], [b]). An applicant must comply with 8 NYCRR part 52, which requires, among other things, registration of an adequate curriculum (see 8 NYCRR 52.1 [a]), as well as adequate resources, faculty, curricula and awards, admissions and administration (see 8 NYCRR 52.2). "Registration or reregistration of a curriculum may be denied if the [C]ommissioner finds that curriculum, or any part thereof, not to be in compliance with statute or this [t]itle" (8 NYCRR 52.1 [l]). Decisions to deny registration of a proposed curriculum may be appealed to the Commissioner (see 8 NYCRR 52.24). 
Here, although the 2016 settlement agreement included a list of major concerns with respect to one of the 2013 applications, it specifically provided that the provisions of the list were "without prejudice to SED's right to identify additional deficiencies in any future application." Moreover, approval of petitioners' future applications was not guaranteed. Accordingly, the 2016 application was denied by SED for failure to "demonstrate that [petitioners have] the resources, faculty, curriculum, or support services to accomplish the objectives of the proposed curriculum." Attached to the 2017 denial was a list of major [*3]deficiencies that provided references to the relevant regulations and the specific deficiencies in petitioners' application. For example, the list of major deficiencies specified that the proposed support services did not include personal or career counseling.
In their appeal to the Commissioner, instead of challenging the deficiencies identified by SED, petitioners submitted the 2017 application, which they alleged addressed the deficiencies. A review of the 2017 application reveals that it differed from the 2016 application in major parts — specifically, the 2017 application provided additional information on support services, included new faculty members and assigned to each faculty member several responsibilities in addition to teaching. The Commissioner reviewed the 2017 application, identified several deficiencies therein and found that the 2017 application was not in compliance with the program registration standards. Notably, the Commissioner's determination lists different deficiencies than the ones identified in the 2017 denial, some of which are based upon new information provided in the 2017 application. For example, the 2017 application indicated that personal counseling would be provided, which was a new proposal added to address a previous deficiency, but the Commissioner found that the application did not specify who would provide the counseling and noted that none of the faculty members appeared to have counseling experience or were qualified to provide counseling services.
It is clear from the record that the list of major deficiencies included in the 2016 settlement agreement was not exhaustive and did not limit SED or the Commissioner in the review of petitioners' subsequent applications. Although the Commissioner identified some new deficiencies not listed in the 2017 denial, some of those were due to new information set forth by petitioners in the 2017 application, which was not provided in the 2016 application. We find petitioners' expectation that the Commissioner should overlook issues identified in the 2017 application to be ill-conceived as it is not only contrary to public policy, but would be an abdication of duty. Given that the Commissioner provided a detailed explanation for the denial, Supreme Court erred in finding that the Commissioner's determination was arbitrary and capricious (compare Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001]; Knight v Amelkin, 68 NY2d 975, 977-978 [1986]; Matter of Kopyt v Governor's Off. of Empl. Relations, 55 AD3d 1179, 1182 [2008]). Therefore, the Commissioner's determination denying the 2017 application is supported by a rational basis in the record, and, as such, must be confirmed (see Matter of Pratt v New York State Off. of Mental Health, 153 AD3d 1065, 1066 [2017]; Matter of Spence v New York State Dept. of Agric. & Mkts., 154 AD3d 1234, 1238 [2017], affd 32 NY3d 991 [2018]). Based upon our determination, respondents' remaining contentions are rendered academic.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application by annulling the determination of the Commissioner of Education; determination confirmed and petition dismissed to said extent; and, as so modified, affirmed.