Matter of Johnson v Annucci (2022 NY Slip Op 03420)





Matter of Johnson v Annucci


2022 NY Slip Op 03420


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

532721
[*1]In the Matter of Johnathan Johnson, Appellant,
v
Anthony Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:April 18, 2022

Before:Garry, P.J., Egan Jr., Colangelo, Ceresia and Fisher, JJ.

Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



Ceresia, J.
Appeal from a judgment of the Supreme Court (Cholakis, J.), entered November 18, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review two determinations of the Central Office Review Committee denying petitioner's grievances.
Petitioner is an incarcerated individual housed in the special housing unit (hereinafter SHU) at Upstate Correctional Facility. Upstate uses the Progressive Inmate Movement System (hereinafter PIMS) to classify incarcerated individuals in SHU based upon a myriad of factors, including acts and history of misbehavior. Under PIMS, incarcerated individuals in SHU are subject to certain restraints and granted a range of privileges based upon their PIMS classification level. An incarcerated individual under PIMS classification may earn his or her movement to a less restrictive level, with access to additional privileges, through good behavior. At all times relevant here, petitioner has been classified as a PIMS level 1 — the most restrictive level — with the requirement that his cell access hatch be fixed in the closed position due to safety concerns resulting from petitioner's acts of misbehavior. Owing to these safety concerns and the resulting restrictions imposed, petitioner had not initially been granted telephone privileges (see Correction Law § 137 [g]).
Petitioner filed two separate grievances concerning his inability to make telephone calls while in SHU. Petitioner's grievances were denied on the basis that, since the filing of his first grievance, he had, in fact, been provided weekly access to a device for the purpose of making telephone calls. Upon administrative review, the Central Office Review Committee confirmed the determinations. Petitioner thereafter commenced this CPLR article 78 proceeding, challenging the denial of his grievances and seeking a preliminary injunction, among other things. Supreme Court dismissed the petition and petitioner appeals.
We affirm. The record reflects that, subsequent to the filing of his first grievance, petitioner has been given regular, weekly access to a device to make telephone calls. As petitioner was granted the relief that he sought in his grievances, they were properly denied (see Matter of Justice v Fischer, 74 AD3d 1648, 1648-1649 [2010], lv denied 15 NY3d 710 [2010]; Matter of Karlin v Goord, 18 AD3d 906, 907 [2005], lv denied 5 NY3d 717 [2005]). Petitioner's remaining contentions, to the extent properly before us, have been rendered academic or found to be without merit.
Garry, P.J., Egan Jr., Colangelo and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.