■ DANIEL J. SCHWEICKERT, Appellant, v STATE OF NEW YORK, Respondent.—Order unanimously reversed without costs and motion granted. Memorandum: Under the circumstances in this case, it was an improvident exercise of discretion to deny claimant the opportunity to file a late notice of claim against the State to litigate his claim on the merits. Claimant was injured on April 5, 1976 while operating a hand power saw which was owned and maintained by the State on the premises of the State University College at Buffalo. Since the State failed to file an affidavit in response to claimant's motion, we must accept as true all of the allegations in the moving papers. (See *Cole v State of New York,* 64 AD2d 1023.) The Court of Claims incorrectly applied the provisions of former subdivision 5 of section 10 of the Court of Claims Act to claimant's motion. That section has been renumbered and amended (Court of Claims Act, § 10, subd 6 [L 1976, ch 280, § 2, eff Sept. 1, 1976]). The amendment liberalizes the grounds and lengthens the time limits for discretionary acceptance of late claims and is to be retroactively applied *(Kelly v State of New York,* 57 AD2d 320, 326-327). The State's sole contention on this appeal is that the claimant failed to

show a reasonable excuse for not having filed his claim in a timely manner. Under the former statute such a failure was fatal *(Turner v State of New York,* 40 AD2d 923). As we stated in *Kelly,* however, the burden of showing excusable delay is no longer absolute. It is but one of several factors which "the court shall consider, among other factors" (Court of Claims Act, § 10, subd 6). (Appeal from order of Court of Claims—notice of claim.) Present— Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.