■ LESTER CRANDALL, Appellant, v STATE OF NEW YORK, Respondent. [605 NYS2d 552] —Weiss, P. J. Appeal from an order of the Court of Claims (Silverman, J.), entered January 20, 1993, which granted the State's motion to dismiss the claim for failure to state a cause of action.

Claimant, an inmate at Eastern Correctional Facility in Ulster County, appeals from that part of an order which dismissed his claim alleging negligence[1] on the part of correction officers in taking a telephone message and failing thereafter to provide claimant with appropriate telephone access. The record shows that on August 27, 1992, an attorney representing a lending institution made a telephone call to claimant at the correctional facility to verify a power of attorney he had previously given to his wife. Claimant's spouse was apparently closing on a $25,000 loan to be secured by their home. A message was relayed to claimant who was unsuccessful in arranging a return call. We find that the claim was properly dismissed.

Examination of the record shows that claimant makes no contention that the content of the message as received for him at the correctional facility was not promptly and accurately delivered. The fact that a return telephone number was not part of the message and was given to claimant only after his request is clearly no basis to charge the State with a negligent act in taking the message.

---

1. Claimant has specifically limited his appeal to only his negligence claim. Accordingly, references in the claim alleging deliberate or intentional acts are not part of the appeal and statements in the brief along this vein are disregarded. Similarly, claimant's privacy claims are not part of the appeal, including negligently publicizing his private business, as claimant has not appealed the determination that a prison inmate does not have a right of privacy.

The essence of claimant's remaining contention of negligence is that the correction officer negligently refused to provide him with appropriate telephone access. It is well settled that the use of telephones by prison inmates is a privilege and not a right (see, Cooper v Morin, 91 Misc 2d 302, 333-335, mod on other grounds sub nom. Cooper v Lombard, 64 AD2d 130, mod on other grounds 49 NY2d 69, cert denied sub nom. Lombard v Cooper, 446 US 984). The inability of claimant to make telephone communications within normal access privileges does not create liability on the part of the State. Nor is there liability under the emergency telephone call procedures provided in 7 NYCRR 723.3 (g). Claimant has not alleged simple compliance with the State procedure.[2] Had the procedure been utilized a discretionary determination would have been made, which nevertheless would not have created liability against the State.

The claim fails to state a cause of action and was therefore properly dismissed.

Mercure, White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. While claimant tried to fit his factual allegations into compliance with the emergency telephone procedure, a plain reading of the claim and claimant's affidavit reveals that this procedure was not followed.