(August 9, 1999)

■ HILLARY BEST et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 92874.) HILLARY BEST et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 93997.) [694 NYS2d 689] —In two claims to recover damages, *inter alia,* for malicious prosecution, the defendant appeals from an order of the Court of Claims (Marin, J.), entered May 21, 1998, which denied its motions for summary judgment dismissing the claims.

Ordered that the order is affirmed, without costs or disbursements.

While under the supervision of the New York State Division of Parole, the claimant Hillary Best (hereinafter the claimant) was twice incarcerated for allegedly violating the conditions of his parole. In both instances the claimant obtained release from prison by successfully petitioning the Supreme Court for a writ of habeas corpus. The claimant now seeks to recover damages from the State on the ground that the parole officers who applied for warrants authorizing the revocation of his parole "falsely incriminat[ed]" and "illegally imprison[ed]" him.

The State moved for summary judgment, arguing that the claims must be dismissed because parole officers are entitled to absolute immunity for all actions related to the commencement of parole revocation proceedings. We disagree. It is well settled that the State enjoys immunity "for those governmental actions requiring expert judgment or the exercise of discretion" (*Arteaga v State of New York,* 72 NY2d 212, 216; *Friedman v State of New York,* 67 NY2d 271), and that this immunity is absolute "when the action involves the conscious exercise of discretion of a judicial or quasi-judicial nature" (*Arteaga v State of New York, supra,* at 216). However, in New York, parole officers do not "have the discretionary authority to initiate parole revocation proceedings" against parolees (*Scotto v Almenas,* 143 F3d 105, 112). Rather, State regulations provide that a parole officer who believes that a parolee has violated a condition of his parole "shall report such fact to a member of the board or a designated officer" (9 NYCRR 8004.2 [a]), who may then issue a parole revocation warrant (*see,* 9 NYCRR 8004.2 [b]). Accordingly, a parole officer who recommends the issuance of a revocation warrant is performing an investigatory rather than a prosecutorial function, which is comparable to a police officer's application for an arrest warrant (*see, Scotto v Almenas, supra,* at 112-113; *Ray v Pickett,* 734 F2d 370, 374). The parole officers who recommended the issuance of revocation warrants authorizing the claimant's incarceration are thus

entitled to qualified rather than absolute immunity (*see, Scotto v Almenas, supra; Ray v Pickett, supra; Wilson v Kelkhoff,* 86 F3d 1438; *Jones v Moore,* 986 F2d 251). Since the State sought summary judgment upon the legal theory that all of the actions taken by the parole officers in this case were cloaked with absolute immunity, the motions were properly denied. O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.