■ EDWARD NELSON, Appellant, v STATE OF NEW YORK, Respondent. [892 NYS2d 201]—

Lahtinen, J. Appeal from an order of the Court of Claims (DeBow, J.), entered July 3, 2008, which, among other things, denied claimant's motion for leave to amend his claim.

Pursuant to permission from the Court of Claims in November 2005, claimant's earlier notice of intention* was treated as a claim (*see* Court of Claims Act § 10 [8]) and he was directed to

* The notice of intention to file a claim had been served in February 2001 and a subsequent motion to treat it as a claim was denied because it had not

serve an amended claim. In his December 2005 amended claim, he sought, among other things, damages for 108 days of alleged wrongful confinement occurring in 2000 when he was held at the Westchester County jail awaiting transfer to the Willard Drug Treatment Center, where he was to participate in a program as a condition of his parole. Once he arrived at Willard, he refused to participate, which resulted in his parole being revoked and, as a result, he served approximately 20 months in state prison. In July 2007, claimant moved to further amend his amended claim to seek damages for the additional 20 months he served as a result of his refusal to participate in the Willard program and also to add a derivative cause of action by his wife. The Court of Claims denied the motion to amend. Claimant appeals.

Leave to amend is freely given provided there is no prejudice and the proposed amendment is not plainly lacking merit (*see Smith v Haggerty*, 16 AD3d 967, 967-968 [2005]). "[T]he decision whether to permit an amendment to a pleading is one that lies in the discretion of the trial court and the exercise of [such discretion] will not lightly be set aside" (*U.W. Marx, Inc. v Mountbatten Sur. Co.*, 290 AD2d 621, 623 [2002] [internal quotation marks and citations omitted]). "Although [m]ere lateness in seeking such relief is not in itself sufficient to bar amendment, denial of a motion to amend is appropriate when there is prejudice to the opposing party and no showing of a satisfactory excuse for the delay" (*Ciarelli v Lynch*, 46 AD3d 1039, 1040 [2007] [internal quotation marks and citations omitted]).

Claimant's proposed amendment to add a claim regarding his 20 months in state prison lacks merit. His state prison time resulted from the revocation of his parole after he had refused to participate in the Willard program. This involved a quasi-judicial determination implicating immunity (*see Arteaga v State of New York*, 72 NY2d 212, 216-217 [1988]; *Best v State of New York*, 264 AD2d 404, 404-405 [1999]). Moreover, since claimant is alleging a new theory occurring during a different time period than was set forth in the 2001 notice of intention or the 2005 amended claim, the jurisdictional constraints of the Court of Claims are also a barrier to the relief requested (*see generally Czynski v State of New York*, 53 AD3d 881, 882-883 [2008], *lv*

been properly verified. Thereafter, the Court of Appeals decided *Lepkowski v State of New York* (1 NY3d 201 [2003]), resulting in the Court of Claims granting claimant's ensuing motion, which it treated as one for renewal, and permitted the notice of intention to be treated as a claim and directed the filing of an amended claim.

*denied* 11 NY3d 715 [2009]). We further note that defendant would effectively have to begin anew its preparation and reopen disclosure, which has been completed and a note of issue filed, and that the delay in seeking this amendment has been significant and the explanation inadequate. Similarly, the proposed derivative claim seeks to encompass the 20 months of state prison time, lacks a sufficient explanation for the protracted delay, and implicates further disclosure. Under all these circumstances, we are unpersuaded that the Court of Claims abused its discretion in denying the motion.

Spain, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 20 Misc 3d 1125(A), 2008 NY Slip Op 51622(U).]