■ Anthony Favia, Appellant, v Harley-Davidson Motor Company, Inc., et al., Respondents, et al., Defendants. [990 NYS2d 540]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated December 11, 2013, which denied his motion pursuant to CPLR 3025 (b) for leave to serve a second amended complaint to add a cause of action to recover damages for negligence per se and a claim for punitive damages.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for leave to serve a second amended complaint is granted.

"Applications for leave to amend pleadings under CPLR 3025 (b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (*Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *see Longo v Long Is. R.R.*, 116 AD3d 676 [2014]; *United Fairness, Inc. v Town of Woodbury*, 113 AD3d 754, 755 [2014]; *Faiella v Tysens Park Apts., LLC*, 110 AD3d 1028, 1029 [2013]).

"No evidentiary showing of merit is required under CPLR 3025 (b)" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). "The court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (*id.*). "[A] court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (*United Fairness, Inc. v Town of Woodbury*, 113 AD3d at 755).

Here, the defendants did not allege that the proposed

amended pleading would result in any prejudice or surprise. Indeed, the plaintiff's motion was made prior to the filing of the note of issue, and was predicated on information supplied by the defendants during disclosure. Further, the proposed amended pleading was not palpably insufficient or patently devoid of merit. Moreover, the Supreme Court erred in prematurely determining that the proposed amended pleading "would invite the jury to speculate." "If the opposing party wishes to test the merits of the proposed added cause of action . . . , that party may later move for summary judgment upon a proper showing" (*Lucido v Mancuso*, 49 AD3d at 229).

Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to serve a second amended complaint to add a cause of action to recover damages for negligence per se and a claim for punitive damages. Dillon, J.P., Lott, Austin and Barros, JJ., concur.