■ ORLAINE EDWARDS, Respondent, v 1234 PACIFIC MANAGEMENT, LLC, Appellant. [30 NYS3d 675]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (King, J.), dated April 22, 2015, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to assert a claim for punitive damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her when she slipped and fell on an interior staircase in the apartment building in which she resided, which was owned by the defendant. The plaintiff alleges that she was forced to descend the staircase due to a continuing elevator outage, which allegedly was a frequent occurrence at the premises. The plaintiff alleges that she slipped and fell on kitty litter that had been present on the staircase for an extended period of time.

After some discovery, the plaintiff moved, inter alia, for leave to amend the complaint to assert a claim for punitive damages. The plaintiff alleges that the elevator had been out of service for approximately one month prior to her accident, and that the superintendent failed to remove the garbage from the higher floors of the building or properly clean the common areas such as the subject staircase. The plaintiff contends that the refuse on the staircase was only one manifestation of a larger intentional course of action and conduct that demon-

strated an utter disregard for the rights and safety of the tenants of the premises. The plaintiff further asserts that the actions of the defendant were intended to drive the rent-stabilized tenants from the building in an effort to raise rents. The Supreme Court granted the plaintiff leave to amend her complaint to assert a claim for punitive damages.

"Applications for leave to amend pleadings under CPLR 3025 (b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (*Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *see Favia v Harley-Davidson Motor Co., Inc.*, 119 AD3d 836, 836 [2014]). "No evidentiary showing of merit is required under CPLR 3025 (b)," as the court need only determine whether the proposed amendment is "palpably insufficient" to state a cause of action or is "patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008] [internal quotation marks omitted]). Further, the legal sufficiency or merits of a claim need not be examined unless such insufficiency or lack of merit is clear and free from doubt (*see Favia v Harley-Davidson Motor Co., Inc.*, 119 AD3d at 836).

Here, the defendant did not allege before the Supreme Court that the proposed amended pleading would result in any prejudice or surprise. In any event, the plaintiff's motion was made prior to the filing of the note of issue, and was predicated on information obtained during discovery. Further, the proposed amended pleading was not palpably insufficient or patently devoid of merit (*see id.* at 836-837; *Pellegrini v Richmond County Ambulance Serv., Inc.*, 48 AD3d 436 [2008]). We note that the plaintiff must still prove the merits of the punitive damages claim (*see Lucido v Mancuso*, 49 AD3d at 229).

Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to serve an amended complaint to assert a claim for punitive damages. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.