■ JEFFREY LASNER, D.D.S., Respondent, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent, and TONY GUGGINO, Appellant. (Appeal No. 1.) JEFFREY LASNER, D.D.S., Ap-

pellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent, et al., Defendant. (Appeal No. 2.) JEFFREY LASNER, D.D.S., Respondent, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant, and TONY GUGGINO, Appellant. (Appeal No. 3.) [34 NYS3d 142]—

In an action, inter alia, to recover damages for breach of contract, (1) the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 30, 2014, as granted that branch of the cross motion of the defendant Massachusetts Mutual Life Insurance Company which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it, and the defendant Tony Guggino separately appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him and granted that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action against him alleging negligent misrepresentation, (2) the plaintiff appeals from a second order of the same court, also dated April 30, 2014, which denied his motion for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendant Massachusetts Mutual Life Insurance Company, and (3) the defendant Tony Guggino appeals, as limited by his brief, from so much of a third order of the same court, also dated April 30, 2014, as denied his motion, inter alia, to strike the plaintiff's reply papers submitted in support of the plaintiff's motion for summary judgment on the cause of action alleging breach of contract insofar as asserted against the defendant Massachusetts Mutual Life Insurance Company.

Ordered that the first order dated April 30, 2014, is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action against the defendant Tony Guggino alleging negligent misrepresentation, and substituting therefor a provision denying that branch of the plaintiff's motion, and (2) by deleting the provision thereof denying the cross motion of the defendant Tony Guggino which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the second order dated April 30, 2014, is affirmed; and it is further,

Ordered that the third order dated April 30, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Massachusetts Mutual Life Insurance Company and Tony Guggino payable by the plaintiff.

In 1988, the plaintiff, a dentist, purchased a disability insurance policy from Connecticut Mutual Life Insurance Company, the predecessor of the defendant Massachusetts Mutual Life Insurance Company (hereinafter Mass Mutual), at the suggestion of the defendant Tony Guggino, his insurance agent. The policy provided for payment of total disability benefits in the event of sickness or injury that prevented the plaintiff from performing the main duties of his occupation, until the first anniversary date of the policy to occur after the plaintiff's 65th birthday. At Guggino's suggestion, the plaintiff also purchased a Lifetime Total Disability Benefits Rider, which provided, insofar as relevant here, lifetime total disability benefits in the event of sickness or injury that prevented the plaintiff from performing the main duties of his occupation and from "working at any other job or business."

In November 1989, the plaintiff became eligible to receive total disability benefits under the terms of the policy, as he was unable to perform the main duties of a dentist due to an injury. Thereafter, the plaintiff obtained employment as a surgical supply salesman, and he continued working in this capacity up to and including the policy anniversary date following his 65th birthday. At that time, Mass Mutual notified the plaintiff that his benefits would cease because he was not eligible for lifetime total disability benefits under the terms of the lifetime benefits rider, as he was working at another job or business on the first policy anniversary following his 65th birthday. Mass Mutual then terminated the plaintiff's benefits.

The plaintiff thereafter commenced this action against Mass Mutual and Guggino, asserting causes of action alleging breach of contract, fraud, and detrimental reliance. The plaintiff subsequently moved for leave to amend the complaint by, inter alia, adding a cause of action alleging negligent misrepresentation. Mass Mutual cross-moved for summary judgment dismissing the complaint insofar as asserted against it, and Guggino separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The plaintiff then moved for summary judgment on the cause of action alleging breach of contract insofar as asserted against Mass Mutual. In reply papers on his motion for summary judgment, the plaintiff submitted additional documents that had

not been previously submitted. Mass Mutual and Guggino then separately moved, inter alia, to strike the plaintiff's reply papers. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action against Guggino alleging negligent misrepresentation, granted Mass Mutual's cross motion for summary judgment, denied Guggino's cross motion for summary judgment, denied the plaintiff's motion for summary judgment, and denied Guggino's motion, inter alia, to strike the plaintiff's reply papers.

On his appeal, Guggino contends that the Supreme Court erred in granting that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action against Guggino alleging negligent misrepresentation. Where the terms of the policy were provided to the plaintiff in writing, any reliance by him on an alleged misrepresentation by Guggino that the policy would pay the plaintiff lifetime benefits even if he was working at another job was not reasonable or justifiable (see Vasquez v Soto, 61 AD3d 968 [2009]; Bennett v Citicorp Mtge., Inc., 8 AD3d 1050 [2004]). Accordingly, the branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action sounding in negligent misrepresentation by Guggino should have been denied.

Although the plaintiff contends on his appeal that the Supreme Court erred in denying other branches of his motion for leave to amend the complaint, that contention is not properly before this Court. The plaintiff's notice of appeal limited his appeal to the portion of the order granting Mass Mutual's cross motion for summary judgment dismissing the complaint insofar as asserted against it (see CPLR 5515 [1]; Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d 852, 853 [2014]).

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of Mass Mutual's cross motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it and denied his motion for summary judgment on that cause of action insofar as asserted against Mass Mutual. In support of its cross motion, Mass Mutual established its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action insofar as asserted against it by demonstrating that the terms of the policy and lifetime benefits rider were clear and unambiguous (see White v Continental Cas. Co., 9 NY3d 264, 267 [2007]). Based on those terms, the plaintiff could not be considered totally disabled, as

he was actively working at a job or business on the first policy anniversary following his 65th birthday and, therefore, was no longer entitled to receive benefits. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In support of his cross motion for summary judgment, Guggino established his prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against him. In opposition, the plaintiff failed to raise a triable issue of fact (*see id.* at 324). Accordingly, the Supreme Court should have granted Guggino's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Guggino's remaining contention is without merit. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.