Jeffrey Gardens Apt. Corp. v LH Mgt., Inc. (2018 NY Slip Op 00548)





Jeffrey Gardens Apt. Corp. v LH Mgt., Inc.


2018 NY Slip Op 00548


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-08457
 (Index No. 21341/13)

[*1]Jeffrey Gardens Apartment Corp., plaintiff-respondent- appellant, 
v
LH Management, Inc., et al., appellants- respondents, et al., defendants; Daniela Crocchiola, nonparty-respondent-appellant.


Daniels Norelli Cecere & Tavel, PC, Rego Park, NY (Albert F. Pennisi and Sherrie A. Taylor of counsel), for appellants-respondents.
O'Sullivan & Zacchea, PLLC, Kew Gardens, NY (Kevin M. O'Sullivan of counsel), for plaintiff-respondent-appellant and nonparty-respondent-appellant.



DECISION & ORDER
In an action, inter alia, for an accounting and to recover damages for conversion, the defendants LH Management, Inc., and Lisa Hadar appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered July 2, 2015, as granted the plaintiff's motion for leave to amend the complaint and denied, as academic, that branch of their motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the original complaint, and the plaintiff and nonparty Daniela Crocchiola cross-appeal from so much of the same order as granted that branch of the motion of the defendants LH Management, Inc., and Lisa Hadar which was for leave to enter a default judgment on their counterclaims against the plaintiff.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to amend the complaint to assert causes of action against additional defendants is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendants LH Management, Inc., and Lisa Hadar which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the original complaint is dismissed as academic; and it is further,
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as reviewed on the appeal; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Jeffrey Gardens Apartment Corp. (hereinafter the Co-op) is a housing cooperative in Queens. The Co-op commenced this action against its former manager, LH Management, Inc., and the owner of LH Management, Inc., Lisa Hadar (hereinafter together the defendants), seeking, among other things, an accounting and to recover damages for conversion. The defendants moved, inter [*2]alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The plaintiff opposed the motion and moved for leave to amend the complaint. The Supreme Court, inter alia, granted the plaintiff's motion for leave to amend the complaint and denied, as academic, that branch of the defendants' motion which was to dismiss the original complaint. The defendants appeal from those portions of the order.
" Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit'" (Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836, quoting Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732). "No evidentiary showing of merit is required under CPLR 3025(b)" (Lucido v Mancuso, 49 AD3d 220, 229). Rather, "[t]he court need only determine whether the proposed amendment is palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (id. at 229). "A determination whether to grant such leave is within the trial court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Ingrami v Rovner, 45 AD3d 806, 808).
Here, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to amend the complaint. The proposed amended pleading will not result in any prejudice or surprise to the defendants, because the causes of action that were alleged against them in the proposed amended complaint were substantially the same as those contained in the original complaint. Further, those proposed causes of action were not palpably insufficient or patently devoid of merit.
Because the original complaint was superseded by the amended complaint, the challenge to the original complaint has been rendered academic (see Elegante Leasing, Ltd. v Cross Trans Svc, Inc., 11 AD3d 650, 650-651).
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court