Hong Qin Jiang v Li Wan Wu (2020 NY Slip Op 00577)





Hong Qin Jiang v Li Wan Wu


2020 NY Slip Op 00577


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-00055
 (Index No. 705838/14)

[*1]Hong Qin Jiang, etc., et al., respondents,
v
Li Wan Wu, et al., appellants.


White, Cirrito & Nally, LLP, Hempstead, NY (Christopher M. Lynch of counsel), for appellants.



DECISION & ORDER
In a shareholder derivative action, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 16, 2017. The order granted the plaintiffs' motion for leave to amend the complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for leave to amend the complaint is denied.
The background facts relating to this action are set forth in this Court's decision and order in a related appeal (Hong Qin Jiang v Li Wan Wu, __AD3d__ [Appellate Division Docket No. 2017-00641; decided herewith]).
As relevant to this appeal, Liu's Family, LLC (hereinafter Family), of which the plaintiff Hong Qin Jiang was a member, owned certain real property in Queens (hereinafter the subject property). On January 25, 2013, Hong Qin Jiang, and the defendants Li Wan Wu, Qi Tan Lin, and Ji Juan Lin (hereinafter collectively the individual defendants), among others, entered into a shareholder agreement (hereinafter the shareholder agreement) with respect to 37 81 Realty, Inc. (hereinafter Realty), whereby, inter alia, the parties agreed that Realty would acquire the subject property from Family with the intention of completing a condominium project on it and Hong Qin Jiang would receive 25% of Realty's shares. On March 15, 2013, Family conveyed title to the subject property to Realty.
In August 2014, the plaintiffs commenced this action, and Hong Qin Jiang asserted, inter alia, a cause of action alleging fraudulent inducement. In June 2017, the plaintiffs moved for leave to amend the complaint. The proposed material amendments to the complaint related to the cause of action alleging fraudulent inducement. The plaintiffs sought to add Family as a plaintiff and allege damages in the amount of $11 million with respect to that cause of action. In support of their motion, the plaintiffs submitted, inter alia, Hong Qin Jiang's affidavit and her separate reply affidavit. In opposition to the motion, the defendants submitted, inter alia, a copy of the shareholder agreement. By order entered October 16, 2017, the Supreme Court granted the plaintiffs' motion for leave to amend the complaint. The defendants appeal.
" Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, [*2]or (2) is palpably insufficient or patently devoid of merit'" (Edwards v 1234 Pac. Mgt., LLC, 139 AD3d 658, 659, quoting Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732). "[A] court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt'" (Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836, quoting United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; see Lucido v Mancuso, 49 AD3d 220, 229). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861, 863 [internal quotation marks omitted]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411).
"The elements of a cause of action to recover damages for fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1272, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421). "[T]he plaintiff must show not only that he or she actually relied on the misrepresentation, but also that such reliance was reasonable" (McMorrow v Dime Sav. Bank of Williamsburgh, 48 AD3d 646, 647-648).
Here, the plaintiffs' motion for leave to amend the complaint should have been denied because the proposed amended fraudulent inducement cause of action was palpably insufficient (see Hofstra Univ. v Nassau County, N.Y., 166 AD3d at 863; Lasner v Massachusetts Mut. Life Ins. Co., 140 AD3d 1023, 1026; Marcum, LLP v Silva, 117 AD3d 917, 918; Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498). The proposed amended complaint, as amplified by Hong Qin Jiang's affidavits, alleged that in January 2013, the individual defendants represented to Hong Qin Jiang, as a representative of Family, that they would pay her the sum of $1,687,500 upon Family conveying title to the subject property to Realty. However, the shareholder agreement, which Hong Qin Jiang signed more than one month before the closing that transferred the subject property from Family to Realty, expressly contradicted the alleged misrepresentation as to the terms under which Hong Qin Jiang would receive the $1,687,500 payment (see Bontempts v Aude Const. Corp., 98 AD3d 1071, 1073; Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d at 498). "Where, as here, there is a meaningful conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation" (Stone v Schulz, 231 AD2d 707, 707-708 [internal quotation marks omitted]; see Old Clinton Corp. v 502 Old Country Rd., 5 AD3d 363, 365; see also DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154). Accordingly, the Supreme Court should have denied the plaintiffs' motion for leave to amend the complaint.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court