Starks v State of New York (2024 NY Slip Op 51501(U))

[*1]

Starks v State of New York

2024 NY Slip Op 51501(U)

Decided on October 8, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 8, 2024
Court of Claims

Gregg Starks, Claimant,

against
The State of New York,[FN1] Defendant.

Claim No. 138411

APPEARANCES:FOR CLAIMANT:
MORGAN & MORGAN, NY, PLLC
By: Justin Christopher Meserole, Esq.
FOR DEFENDANT: 
Letitia James, Attorney General
By: Kimberly Ann Kinirons, Esq., AAG

Linda K. Mejias-Glover, J.

Claimant moves by Notice of Motion dated and filed with the Clerk of the Court on May 29, 2024, seeking an order (i) granting the Claimant permission to file a late Claim pursuant to Section 10(6) of the Court of Claims Act; or in the alternative; (ii) granting the Claimant leave to amend his Verified Claim in this action purssuant to Uniform Rules for [*2]The Court of Claims, Section 206.7 (b). Defendant 
opposes the motion and moves by Notice of Cross-Motion dated and filed with the Clerk of the Court on July 8, 2024, seeking an order dismissing the Claim, pursuant to the Court of Claims Act, Sections 8, 9, and 11 and CPLR 3211(a)(2) and (7). Both motions have been fully briefed.
Now, for the reasons set forth herein below, Claimant's motion is denied and Defendant's cross-motion is granted.
 RELEVANT PROCEDURAL AND FACTUAL BACKGROUND
On December 5, 2022, Claimant served a Verified Claim on the Office of the Attorney General, alleging that he slipped and fell "on a portion of sloped concrete that abuts a storm drain" at Hempstead Lake State Park on August 22, 2022 (hereinafter, the "Claim"). Defendant interposed its answer to the Claim on or about December 30, 2022, asserting several affirmative defenses, including that the Claim was untimely, that it failed to adequately describe the condition that caused the injury, and that liability was precluded by Section 9-103 of the General Obligations Law. Thereafter, Claimant served a Verified Bill of Particulars on or about May 11, 2023, responsive to Defendant's demand for same. Along with the Verified Bill of Particulars, the Claimant exchanged medical records that indicated the correct date of incident is August 21, 2022. Claimant testified at a deposition on March 26, 2024 as to the correct date of incident, to wit: August 21, 2022.
Discovery proceeded and it is unrefuted that the parties learned during Claimant's deposition that the actual date of occurrence was on or about August 21, 2022. Claimant's attorney's office learned about the typographical error of the date of incident on the Verified Complaint on March 25, 2024 and notified counsel for the State of the error at that time via telephone. Thereafter, the instant motion practice ensued.

POINTS OF COUNSEL
In support of the motion for permission to file a late claim, Counsel argues that the delay in addressing the typographical error is excusable and was not due to willful neglect but rather an inadvertent mistake by the Claimant's legal office, which was promptly corrected upon discovery, and that opposing counsel was immediately informed. Counsel further argues that Defendant has been aware of the correct date of the incident through Claimant's medical records and deposition testimony, as well as Claimant's contemporaneous reporting of the incident to the office within the park where he was bleeding on the floor.
Counsel argues that the State had notice of the essential facts constituting the Claim, because despite the typographical error in the incident date, the Claim was filed within the statutory 90-day period and properly served on Defendant, thereby ensuring that Defendant was aware of the incident and the nature of the claim in a timely manner. Counsel states [*3]that all other information provided in the Claim is accurate and consistent with the medical records and Claimant's deposition testimony, and therefore, the State had notice of the essential facts constituting the Claim.
Next, counsel argues that the State had an opportunity to investigate the circumstances underlying the Claim since the Claim was filed within the 90-day statutory period. Counsel further argues that because the location of the incident is owned and operated by Defendant, and because the defect complained of is non-transitory in nature, the State had the opportunity to inspect the trail, the storm drain, and the surrounding conditions to investigate the Claim. Given the timely notice, consistent information, and opportunity to investigate, counsel argues that Defendant has not demonstrated any substantial prejudice resulting from the minor error.
With respect to the merit of the Claim, counsel states, in sum and substance, the following:
• On August 21, 2022, Claimant paid a fee to enter the park, park his car to go fishing with his nephew. While walking down a trail adjacent to a pond, he slipped and fell on a sloped concrete area next to a storm drain. This sloped concrete pathway presented an unsafe hazard on the trail resulting in his fall and injuries, which required medical treatment.
• The incident site, a public hiking/fishing area is within the park maintained by Defendant, and the Claimant had to pay a fee to enter and park his vehicle. Defendant has a duty to maintain the park in a safe manner and keep it reasonably safe. The hazardous condition present on the subject trail is a breach of that duty.
Counsel argues that "the combination of detailed incident descriptions, medical evidence, consistent testimonies, and the documented hazardous conditions at the site shows that the [C]laim is well-founded and has merit."
Lastly, with respect to the availability of other available remedies, counsel simply states that Claimant has diligently pursued all options to seek compensation for the injuries suffered in this incident, including timely filing the Claim.
In support of the motion to amend the Claim, Claimant's counsel argues that Claimant intends to correct the date of the incident, which is a scrivener's error, from August 22, 2022, to August 21, 2022, which is only one day apart. Counsel states that the error occurred due to a typographical mistake, which was only recently discovered by Claimant's attorney's office. Counsel further argues that Claimant testified at his deposition on March 26, 2024, to the correct date of the incident and to the circumstances of his incident, thereby establishing a meritorious claim. Next, counsel argues that Claimant has demonstrated that the proposed amendment is not palpably insufficient and has merit. Counsel contends that Claimant timely filed the Claim, describing the time, place and nature of the injuries he sustained due to Defendant's alleged negligence and therefore, Defendant had notice of the Claim, and that the scrivener's error is immaterial to qualify for a "'jurisdictional defect', as the particulars of the [C]laim were detailed in a manner sufficient to permit investigation. Especially as the defect complained of was of a structural nature that still exists within the park complained of."
Counsel argues that Claimant's description and subsequent testimony were detailed enough, and the Defendant had the ability to investigate and promptly ascertain the existence and extent of their liability, and will therefore, not be prejudiced by the [*4]amendment. Counsel further argues that Defendant will not be surprised or prejudiced in light of the fact that the Verified Bill of Particulars, and attached medical records, confirm the date of incident as August 21, 2022, and coupled with Claimant's deposition testimony that the date of the incident was August 21, 2022. Further, counsel argues that the parties have actively engaged in the discovery process, and Defendant has had the opportunity to continue to investigate the Claim, and thus, cannot show prejudice or surprise Defendant as it has, and continues to have, full ability to investigate and defend the action.
In opposition to Claimant's motion and in support of its own cross-motion, Defendant argues that although the Claim was filed with the Court within ninety days, it was served on the Attorney General one hundred and five days after the accrual date as set forth in the Verified Claim, and therefore, must be dismissed. Counsel further argues that because the claim was untimely served upon the Office of the Attorney General, the motion to amend the Claim is futile and legally unavailable under these circumstances. Counsel argues that the only viable option for Claimant is late claim relief, pursuant to Section 10(6) of the Court of Claims Act and sets forth arguments related to such a motion. 
In reply to his motion and in opposition to the cross-motion, Claimant's counsel addresses factors related to late claim relief, and further argues that the motion to dismiss must be denied as premature as it relates to the issue of whether General Obligations Law § 9-103 applies.
In reply to its cross-motion, Defendant reiterates that Claimant's failure to timely serve a substantively sufficient pleading is a jurisdictional defect that cannot be cured by amendment, waived as a courtesy, or otherwise ignored.

 LAW AND ANALYSIS
The State's Waiver of Immunity Under Section 8 of The Court of Claims Act
The State's waiver of immunity under Section 8 of the Court of Claims Act is conditioned upon a movant's compliance with specific conditions set forth in article II, including the time limitations set forth in section 10 (see Alston v State of New York, 97 NY2d 159 [2001]). These requirements must be "strictly construed and a failure to comply therewith is a jurisdictional defect compelling the dismissal of the claim" (Hargrove v State of New York, 138 AD3d 777, 777-778 [2d Dept 2016], quoting Welch v State of New York, 286 AD2d 496, 497-498 [2d Dept 2001]; see Finnerty v New York State Thruway Auth., 75 NY2d 721, 722-723 [1989]).
The Sufficiency of the Proposed Claim Under Court of Claims Act § 11 (b)
"Facts stated in a motion for leave to file a late claim ... are deemed true for purpose of [the] motion, when not denied or contradicted in opposing affidavits" (Sessa v State of New York, 88 Misc 2d 454, 458 [Ct Cl 1976], affd 63 AD2d 334 [3d Dept 1978], affd 47 NY2d 976 [1979]; see Schweickert v State of New York, 64 AD2d 1026 [4th Dept 1978]; Cole v State of New York, 64 AD2d 1023 [4th Dept 1978]). Here, Claimant has attached a copy of the previously served Verified Claim (containing the incorrect date) but has not attached a proposed claim to his moving papers.
Motion to File a Late Claim
Court of Claims Act Section 10 (6) grants the Court the discretion to allow the filing of a late claim upon consideration of all relevant factors, including whether the movant's delay was excusable, whether defendant had timely notice of and the opportunity to investigate the pertinent allegations, whether defendant would suffer substantial prejudice [*5]should the motion be granted, whether the proposed claim has the appearance of merit and whether the movant has an alternate remedy. Additionally, an application pursuant to the statute must be made prior to the expiration of the underlying statute of limitations, and it must be supported by a proposed claim that complies with the pleading requirements of Court of Claims Act § 11(b). It is "well settled that in deciding whether to grant an application for leave to file a late claim, the presence or absence of any one of these factors is not controlling" (Weaver v State of New York, 112 AD2d 416, 417 [2d Dept 1985]).
The Court finds that branch "1" of Claimant's motion is procedurally defective based upon the failure to attach a proposed claim. Court of Claims Act § 10 (6) requires that an application for late claim relief shall be accompanied by "[t]he claim proposed to be filed." [Claimant's] failure to attach a proposed claim requires denial of [his] motion as procedurally defective (see Davis v State of New York, 28 AD2d 609, 610 [3d Dept 1967] [addressing former Court of Claims Act § 10 (5)]).

DECISION AND ORDER
Applying these legal principles to the case at bar, the State has sufficiently established that the Claim must be dismissed. While Claimant filed the Verified Claim with the Clerk of the Court within 90 days of the date of accrual, he failed to timely serve the Attorney General, thereby making the Claim untimely. Further, by providing the wrong date of incident in the Claim, a jurisdictional defect occurred where Claimant failed to satisfy the statutory conditions of Court of Claims Act § 11(b) (Kolnacki v State of New York, 8 NY3d 277, at 280; Nasir v State of New York, 41 AD3d 677 [2d Dept 2007]).
Although the State filed the instant cross-motion more than a year and a half after the Claim was filed with the Clerk of the Court, and after some discovery has been conducted, it is well settled that a defect in subject matter jurisdiction can be raised at any time, even for the first time on appeal because it relates to the competence of the court to consider the matter in the first place (see Caci v State of New York, 107 AD3d 1121, 1122 [3d Dept 2013]). Whenever a claimant fails to comply with the provisions of Court of Claims Act § 11(b), the claim must be dismissed for lack of subject matter jurisdiction (see id.; Clark v State of New York, 165 AD3d 1371 [3d Dept 2018]).
Even if, assuming arguendo, Claimant provided the correct date of occurrence, the Court finds that the Claim was untimely served upon the Attorney General. Since the incident occurred on August 21, 2022, Claimant had to file and serve the Claim within 90 days of the occurrence date or on or before November 22, 2022, in order to comply with Court of Claims Act § 10(3). Since Claimant did not serve Defendant with the Verified Claim until December 5, 2022, the Claim was untimely and as such the Court is divested of subject matter jurisdiction. Such a failure may, however, be waived when the defense is neither raised in a pre-answer motion to dismiss or in a responsive pleading (see Steele v State of New York, 145 AD3d 1363, 1364 [3d Dept 2016]). Here, the State raised its untimeliness defense in its Verified Answer. This Court, therefore, concludes that Claimant has been provided with adequate notice of issues of law or fact that the State may raise at trial or at later motion practice (see Kilpatrick v State of New York, 9 Misc 3d 1125[A], [Ct Cl, 2005]). Having failed to comply with the provisions of Court of Claims Act §§ 1l(b) and 10(3), this Court finds the Claim must be dismissed for untimeliness and for lack of subject matter jurisdiction (see Hatzfeld v State of New York, 104 AD3d 1165 [4th Dept 2013]).
Turning next to Claimant's motion to amend, it is well settled that under CPLR 3025(b), "[a] party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties." Applications for leave to amend pleadings should be freely granted, except when the delay in seeking the leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit (see Edwards v I234 Pac. Mgt., LLC 139 AD3d 658, 659 [2d Dept 2016]; Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836 [2d Dept 2014]; Gomez v State of New York, 106 AD3d 870 [2d Dept 2013]; Hernandez v State of New York, 82 Misc 3d 783 [Ct Cl 2023]).
Here, Claimant contends that the State was aware of the error as of May 11, 2023, when it was served with the Verified Bill of Particulars, medical records and suffered no prejudice. This contention is unsupported, as the failure to comply the Court of Claims Act § 11(b) substantive pleading requirements is a jurisdictional defect that cannot be waived or cured by amendment (see Hogan v State of New York, 59 AD3d 754 [3d Dept 2009]; Nasir v State, supra]). The failure to provide the appropriate date of occurrence renders the Claim jurisdictionally defective.
Accordingly, the Court denies Claimant's Motion (M-100930) in its entirety as more specifically set forth herein above and grants Defendant's Cross-Motion (CM-101049). Based upon the foregoing, Claim No. 138411 is hereby dismissed.
Dated: October 8, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read:
1. Notice of Motion, Affirmation in Support, Exhibits
2. Notice of Cross-Motion, Affirmation in Support, Exhibits
3. Affirmation in Support of Motion and in Opposition to Cross-Motion
4. Reply in Further Support of Cross-Motion

Footnotes

Footnote 1: The Court of Claims is a court of limited jurisdiction insofar as its reach extends only to New York State and certain public authorities as defendants (see Court of Claims Act § 9; Kevin A. Reilly, Practice Commentaries, McKinney's Cons Laws of NY; NY Const, art VI, § 9). Accordingly, the caption is amended sua sponte to reflect the only properly named defendant, the State of New York.