Zielinski v State of New York (2025 NY Slip Op 50863(U))

[*1]

Zielinski v State of New York

2025 NY Slip Op 50863(U)

Decided on April 24, 2025

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 24, 2025
Court of Claims

Jeremy Zielinski, Claimant,

against
The State of New York, Defendant.

Claim No. 141519

For Claimant
Jeremy Zielinski, pro se 
For Defendant
Hon. Letitia A. James, Attorney General of the State of New York 
By: Mariah Niederriter, Esq., Assistant Attorney General 

Javier E. Vargas, J.

Papers Considered:
Verified Claim 1
Notice of Motion, Affirmation & Exhibits Annexed. 2-5
Notice of Cross-Motion & Affirmation 6-7
Memorandum of Law in Opposition 8
Upon the foregoing papers, the motion by claimant, Jeremy Zielinski (hereinafter "claimant"), to amend his Claim, is denied, and the cross-motion by defendant, State of New York (hereinafter "State"), for its dismissal, is granted in accordance with the following decision.
By Verified Claim filed December 6, 2023, the claimant, an incarcerated person at Woodbourne Correctional Facility (hereinafter "Woodbourne"), commenced the instant action against the State, seeking damages for alleged "injuries caused by wrongful acts and omissions of the [State Department of Corrections and Community Supervision (hereinafter "DOCCS")]'s employees in 'Central Office' and Woodbourne (Claim, at 1, ¶ 1). Specifically, the Claim alleges [*2]that DOCCS was negligent, negligently trained and supervised its employees, and deprived claimant of his constitutional Equal Protection rights by failing to provide "sufficient telephone infrastructure for every call session to be at least 30 minutes in duration, and to securely regulate access to and use of all facility telephones" and by knowingly providing "grossly inadequate telephone" infrastructure to the incarcerated persons at Woodbourne (id. at 2, ¶¶ 5, 10). 
According to the Claim, since February 16, 2023, DOCCS has failed to regulate and prevent "violent individuals [and] criminal gangs" from monopolizing access to the telephones by permitting those individuals and groups to control who uses the telephone lines (id. at 2-3, ¶¶ 11, 12). As a result of that, the Claim also charges the State with premises liability in that, on September 10, 2023, at 6:45 p.m., claimant "got fed up with the whole situation" and announced his intention to file a grievance, "at which point, without warning or provocation, [another incarcerated individual] tackled Claimant and . . . bit Claimant on the left side of his face" with "maximum force for several seconds" (id. at 4-5, ¶¶ 15-18). After this "ghoulish, wholly unprovoked" assault, the unnamed assailant "was captured by other responding staff, immediately taken to SHU, charged with various violent disciplinary rule violations" as well as criminally (id. at 4-5, ¶¶ 19, 21). Per claimant, he suffered "several jagged bleeding puncture wounds" to his face, which required a course of antibiotics and anti-HIV treatment, as well as other personal injuries and mental anguish, for which claimant is seeking $1,500,000 in damages (id. at 5, ¶¶ 20-23). 
The State filed its Verified Answer on January 5, 2024, denying the majority of the allegations and asserting ten affirmative defenses, including failure to state a cause of action and that DOCCS's actions were privileged and discretionary determinations subject to legal immunity. Motion practice ensued where claimant sought to compel the State to provide certain requested discovery. By Decision and Order filed February 10, 2025, this Court (Vargas, J.) denied the motion to compel, finding that the State has already sufficiently complied with claimant's discovery demands.
Now, by Notice of Motion filed August 30, 2024, claimant moves for leave to amend his Claim, pursuant to CPLR 3025, to add additional details to his causes of action, including that the State has negligently failed to do anything in response to his initial complaint of insufficient telephonic lines, and that the State has discriminated against him on the basis of sex in violation of the Equal Protection Clause of the New York State Constitution by providing more WiFi infrastructure to support wireless phone tablets in the "female [correctional] facilities" than in the "male" facilities since October 2023. For these purportedly continuing violations, claimant also seeks leave to increase the amount of damages requested against the State tenfold to $15 million. Attached to his Motion, claimant included his proposed amended claim, as the only supporting evidence.
By Notice of Cross-Motion filed October 2, 2024, the States opposes claimant's Motion to amend, and cross-moves for the dismissal of the Claim, pursuant to CPLR 3211(a)(7), on the grounds that claimant has failed to state causes of action upon which relief can be granted for negligence, negligent hiring and supervision or constitutional violations, nor do they comply with the specificity requirements of Court of Claims Act § 11(b). Specifically, the State argues that claimant's motion should be denied because the causes of action pertaining to negligence fail to state a cause of action as the State has no duty to provide incarcerated persons with telephone [*3]access and no breach could be asserted. Moreover, according to the State, claimant's constitutional claims fail to assert every element for intentional discrimination and are not justiciable here because he has alternate avenues of redress, including the grievance process available to incarcerated individuals. This Court agrees.[FN1]

On a motion to dismiss a claim pursuant to CPLR 3211(a)(7), a court must afford the pleading a liberal construction by accepting the facts alleged as true, according the pleading "the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Carlson v American Intl. Group, Inc., 130 AD3d 1479, 1480 [4th Dept 2015]). Notwithstanding the favorable treatment of such pleading, bare legal conclusions with no factual specificity do not suffice to withstand a motion to dismiss for failure to state a cause of action (see Matter of Holterbosch, 216 AD3d 783 [2d Dept 2023]; Barnes v Hodge, 118 AD3d 633 [1st Dept 2014]).
Applying these legal principles to the matter at bar, the State has sufficiently established an entitlement to the dismissal of the Claim, while claimant's Motion to amend fails in its entirety. Although claimant alleges causes of action for negligence, premises liability, negligent training and supervision and constitutional Equal Protection violations, the Claim essentially provides only one accrual date of September 10, 2023, for these multiple causes of action. Specifically with respect to claimant's negligence claims, they require: "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016]). Although claimant here contends that the State should be held liable in negligence for its failure to provide adequate and "sufficient telephone infrastructure" for the incarcerated individuals at Woodbourne, "It is well settled that the use of telephones by prison inmates is a privilege and not a right (see, Cooper v Morin, 91 Misc 2d 302, 333-335 [Sup Ct, Monroe County1977], mod on other grounds sub nom. Cooper v Lombard, 64 AD2d 130, mod on other grounds 49 NY2d 69, cert denied sub nom. Lombard v Cooper, 446 US 984). The inability of claimant to make telephone communications within normal access privileges does not create liability on the part of the State" (Crandall v State of New York, 199 AD2d 883, 884 [3d Dept 1993]; see Rothberg v Reichelt, 270 AD2d 760, 761 [3d Dept 2000]). As such, claimant's negligence per se cause of action cannot stand and must be dismissed.
For similar reasons, claimant's has failed to establish a prima facie case of negligent hiring, negligent retention or negligent supervision. In order to establish those causes of action, claimant must prove that the defendant employer hired the particular employee and knew or should have known at the time of hiring of the employee's propensity for the type of conduct which harmed the claimant (see Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809 [2d Dept 2023]; Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410, 411 [1st Dept 2021]; Doe v Rohan, 17 AD3d 509 [2d Dept 2005]). This Claim does not even plead those elements.
Similarly, insofar as claimant seeks to establish a premises liability claim based on the [*4]attack suffered by him at the hands of a fellow incarcerated person, that cause of action fails. The law is well-settled that "[h]aving assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, the State owes a duty of care to safeguard inmates, even from attacks by fellow inmates" (Sanchez v State of New York, 99 NY2d 247, 252 [2002]). This duty does not require "unremitting surveillance in all circumstances," nor does it cast the State in the role of an insurer of their safety (id. at 256). "The mere occurrence of an inmate assault, without credible evidence that the assault was reasonably foreseeable, cannot establish the negligence of the State" (id.; Anderson v State of New York, 125 AD3d 1273 [4th Dept 2015]). 
Here, aside from the fact that the Claim does not identify the assailant (see Teaque v State of New York, UID No. 2022-053-530 [Ct Cl, Sampson, J., Mar. 17, 2022]), claimant has failed to establish that the particular assault by his fellow incarcerated person, while they were on line to use the telephones, was "within the class of reasonably foreseeable hazards that the duty exists to prevent" (Sanchez, supra at 256; see Melvin v State of New York, 101 AD3d 1654 [4th Dept 2012]). There are no allegations that the assailant was prone to perpetrating such an assault or that the State had notice and an opportunity to prevent the altercation. In fact, claimant himself candidly acknowledges repeatedly in the Claim that the assault was unexpected, "without warning or provocation," as such, the State could not have reasonably foreseen the attack either.
To the extent that claimant purports to plead that the State violated the Equal Protection Clause of the State Constitution by its lack of adequate infrastructure for telephone access, "Claimants must establish grounds that entitle them to a damages remedy, in addition to proving that their constitutional rights have been violated" (Martinez v City of Schenectady, 97 NY2d 78, 83 [2001]). "While a private cause of action to recover monetary damages for state constitutional violations is permissible in certain limited situations, this narrow remedy does not apply where an adequate remedy is available to the claimant in an alternate forum" (Alsaifullah v State of New York, 166 AD3d 1426 [3d Dept 2018] [internal citations omitted]; see Blake v State of New York, 157 AD3d 1019, 1020 [3d Dept 2018]; Bullard v State of New York, 307 AD2d 676, 678 [3d Dept 2003]).
Although claimant seeks money damages, his constitutional allegations relate to various actions by correction officials regarding the conditions of confinement, including the availability of telephones and updated infrastructure for personal phone tablets, which determinations appear to serve legitimate penalogical interests. Review of the various administrative determinations by correction officers as to telephone infrastructure asserted in the Claim, must occur in the context of a proceeding pursuant to CPLR article 78 in the Supreme Court (see id.). Given that alternative remedies are available for review of these particular allegations, such as the inmate grievance process and a special proceeding pursuant to CPLR article 78, these constitutional claims must also be dismissed (see id.; Blake v State of New York, 145 AD3d 1336, 1337 [3d Dept 2016], lv denied 29 NY3d 908 [2017]). 
This notwithstanding, claimant seeks leave to amend his Claim, pursuant to CPLR 3025(b), which provides that "[a] party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties." Applications for leave to amend pleadings lie within the discretion of the trial court (see Nelson v State of New York, 67 AD3d 1142 [3d Dept 2009]), and should be [*5]freely granted except when the delay in seeking the leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is "palpably insufficient or patently devoid of merit" (Edwards v 1234 Pac Mgt., LLC, 139 AD3d 658, 659 [2d Dept 2016]; see Favia v Harley-Davidson Motor Co., Inc.119 AD3d 836 [2d Dept 2014]; Gómez v State of New York, 106 AD3d 870, 871 [2d Dept 2013]). 
'"A decision whether to permit an amendment of a pleading is one that lies in the discretion of the trial court and the exercise of [such discretion] will not lightly be set aside'" (see Nelson v State, 67 AD3d at 1143; Cesna Aircraft Co. v State of New York, 231 AD2d 667 [2d Dept 1996]). Here, claimant's attached proposed amended claim appears to merely restate what was already pleaded in the Claim and adds a constitutional cause of action outside of the statute of limitations of the Court of Claims Act. As such, the proposed amended claim is "palpably insufficient or patently devoid of merit," and suffers from the same legal infirmities and lack of merit as the original Claim (Spano v Northwood Tree Care, Inc., 48 AD3d 667,668 [2d Dept 2008]). For these reasons, the Court exercises its discretion and denies claimant's Motion to amend.
In accordance with the foregoing, it is ORDERED that claimant's Motion (M-101291) is denied, the State's Cross-Motion (CM-101741) is granted, and the Claim is hereby dismissed in its entirety.
New York, New York
April 24, 2025
HON. JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1:Months after the final February 19, 2025 submission of these motions, by correspondence dated April 10, 2025, claimant requested an additional adjournment to the Court, maintaining that he is involved on settlement discussions on a related federal action which may obviate this matter. The Court declined that request.